UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____ )
UNITED STATES OF AMERICA )
 )
        v. )        Criminal No. 10-0036 (PLF)
 )        Civil Action No. 12-0590 (PLF)
KEVIN KINNARD GROSS, )
 )
                Defendant/Petitioner. )
_____ )


OPINION AND ORDER

        This matter is before the Court on the motions of defendant Kevin Kinnard Gross,

to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 and to modify his sentence

under 18 U.S.C. § 3582(c)(2).

        Defendant's motions raise three claims.  First, defendant Gross argues that his 120

month sentence violates the Fair Sentencing Act of 2010, which reduced the mandatory

minimum sentence for the drug offense with which the defendant was charged from ten years to

five.  Second, defendant claims that his sentence must be reduced pursuant to Amendments 782

and 788 to the United States Sentencing Guidelines, which retroactively reduced the sentencing

range applicable to drug trafficking crimes and reduced the offense levels assigned in the Drug

Quantity Table by two levels.  Lastly, defendant argues that he received ineffective assistance of

counsel because his attorney failed to file a notice of appeal from his conviction as defendant had

requested.  The government opposes any reduction of defendant's sentence but concedes that an

evidentiary hearing on his ineffective assistance of counsel claim is appropriate.

After careful consideration of the parties' papers, the record in this case, and the relevant case law,  the Court will deny defendant's motions as to the length of his sentence, but will grant his request for an evidentiary hearing on his ineffective assistance of counsel claim.[1]

## I.  BACKGROUND

A federal grand jury indicted defendant Gross on one count of unlawful distribution of five grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii) and 18 U.S.C. § 2, and on one count of unlawful distribution of fifty grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii) and 18 U.S.C. § 2.  Indictment at 1-2.  At the time of the indictment, Gross was in custody in connection with a six-count indictment in the District of Columbia Superior Court,  where he was charged with one count of unlawful conspiracy, two counts of assault with intent to kill while armed, two counts of unlawful possession of a firearm during the commission of a crime of violence, and one count of unlawful carrying of a pistol without a license.  Present. Invest. Rep. at 11.

Several months later, while the parties were engaged in plea negotiations, the President signed into law the Fair Sentencing Act of 2010, which raised the threshold for a ten year mandatory minimum sentence from 50 grams of cocaine base to 280 grams.  Fair

---

[1]     The papers considered in connection with the pending motions include: the indictment ("Indictment") [Dkt. No. 1]; the superseding information ("Information") [Dkt. No. 9]; the transcript of the February 3, 2011 plea hearing ("Plea Transcript") [Dkt. No. 49-2]; the plea agreement ("Plea Agreement") [Dkt. No. 18]; the Presentence Investigation Report ("Present. Invest. Rep.") [Dkt. No. 11]; the transcript of the April 19, 2011 sentencing ("Sentencing Transcript") [Dkt. No. 49-3 and Dkt. No. 49-4]; defendant's motion to vacate, set aside, or correct his sentence ("First Mot.") [Dkt. No. 32]; the government's opposition ("Opp.") [Dkt. No. 39]; defendant's motion to modify his sentence pursuant to 18 U.S.C.  § 3582 ("Second Mot.") [Dkt. No. 42]; the government's consolidated response to defendant's pending claims for relief ("Cons. Response") [Dkt. No. 47]; and defendant's reply to the government's consolidated response to the defendant's pending claims for relief ("Reply") [Dkt. No. 49].

Sentencing Act of 2010 ("FSA"), Pub. L. No. 111-220, § 2(a), 124 Stat. 2372, 2372 (2010).  The

United States Sentencing Commission subsequently promulgated a temporary amendment to the

Sentencing Guidelines in conformance with the FSA, which took effect on November 1, 2010.

U.S.S.G. App. C, Amend. 750 (2010).  Because the amount of cocaine base charged in this case

was less than 280 grams, Gross filed a motion seeking clarification from this Court as to

whether, if he were convicted or pled guilty, the Court would retroactively apply the new

mandatory minimums under the FSA in sentencing him.  See Defendant's Mot. to Clarify

Sentencing [Dkt. No. 13].  The government filed an opposition, contending that the amendment

to the FSA did not apply retroactively.  At a status conference on December 1, 2010, after

hearing at length from counsel for the parties, the Court orally ruled that, in its view, the FSA did

apply retroactively to any individuals yet to be sentenced and stated that it would impose a

five-year mandatory minimum sentence — and not a ten-year mandatory minimum — when

sentencing defendant Gross on the crack cocaine charge if the defendant was convicted on or

pled guilty to that charge.

        On February 3, 2011, the government and defendant Gross entered into a plea

agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure that resolved

all the charges before this Court and the D.C. Superior Court in one plea.  See FED. R. CRIM. P.

11(c)(1)(C) and (3)(A) (court bound by agreement as to specific sentence agreed to by parties

once it unconditionally accepts (C) plea).  In connection with the plea agreement, the

government filed a superseding information charging Gross with a single count of unlawful

distribution of 50 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and

841(b)(1)(A)(iii), and two counts of assault with a dangerous weapon, in violation of 22 D.C.

Code § 402.  The parties agreed to a sentence of 120 months on Count One of the Information

and 36 months for each of the assault charges, all sentences to run concurrently.  Plea Agreement at 2.  As part of the agreement, the government agreed to dismiss the indictment in this case and the two assault with intent to kill charges, the three gun possession charges, and the conspiracy charge pending in the Superior Court.  Id. at 4-5.

At the plea hearing, the Court reaffirmed that it would have applied the FSA retroactively and that Gross therefore would have been subject only to a five-year mandatory minimum sentence for the drug conviction, but that was irrelevant in the circumstances presented:  the 120-month sentence was being imposed pursuant to a comprehensive Rule 11(c)(1)(C) plea agreement intended to resolve both Gross' drug charges in this Court and the assault with intent to kill and other charges in the Superior Court.  Plea Transcript at 4.  In accepting the plea, the Court noted that "the agreement is a sentence of 120 months.  Not because Mr. Gross believes it's the mandatory minimum, but because that's an agreement you all have reached to try to wrap up both this case and the Superior Court case."  Id. at 5.  The government also indicated that, although it continued to believe that the FSA did not apply retroactively, it had removed any references to the mandatory minimum sentence from the plea agreement because "the references to the statutory mandatory minimum are not necessary for the purposes of this plea."  Id. at 4.

At the sentencing hearing on April 19, 2011, the Court began by calculating defendant Gross' sentencing range under the Guidelines as required by the law.  See United States v. Duvall, 705 F.3d 479, 483 (D.C. Cir. 2013) (citing 18 U.S.C. § 3553(a)(4); U.S.S.G. § 6B1.2(c)).  It did so despite the fact that, having accepted defendant's Rule 11(c)(1)(C) plea, the Court was bound to sentence Gross to the agreed-upon 120-month term.  Sentencing Transcript at 3-4.  With an offense level of 26 for the crack cocaine offense, a three-level

4

downward adjustment for acceptance of responsibility, and a Criminal History Category I, Gross' calculated Guidelines sentencing range on Count One was 46 to 57 months, notwithstanding any mandatory minimums. Id. at 2-4. The Court then stated that, even under its interpretation of the FSA, a five year mandatory minimum still would have applied. The Guidelines sentencing range therefore effectively would be 60 months to 60 months on Count One. Id. at 3-4; see U.S.S.G. § 5G1.1(b) (2015). In doing these Guidelines calculations, the Court noted that, although it was required to explain the applicable Guidelines sentencing range, "it is really kind of irrelevant because you all have agreed under Rule 11(c)(1)(C) of the rules of this Court and 11(e)(1)(C) of the rules of the Superior Court, as part of the plea agreement, to a particular sentence." Id. at 5-6.

Gross now claims that, because the FSA applies retroactively, he should benefit from the new, lower statutory mandatory minimum established by the FSA. He also claims the benefit of a sentence modification under 18 U.S.C. § 3582(c)(2), arguing that Amendments 782 and 788 to the Sentencing Guidelines lowered his Guidelines sentencing range from 46 to 57 months to 37 to 46 months. Gross also argues that he received ineffective assistance of counsel because his attorney failed to file a notice of appeal despite being instructed to do so. The government maintains (1) that Gross' sentence was not imposed in violation of the FSA because Gross was not sentenced pursuant to a mandatory minimum sentence established by statute, and (2) that Gross is ineligible for a sentence modification under Section 3582(c). This is so because the Court did not impose the sentence pursuant to the FSA or the retroactive changes to the Sentencing Guidelines for crack cocaine offenses, but pursuant to a binding Rule 11(c)(1)(C) plea agreement embodying the global resolution of all of Mr. Gross' charges in both this Court

and the Superior Court.  The government agrees, however, that an evidentiary hearing must be held to resolve the ineffective assistance of counsel claim.

## II.  DISCUSSION

### A.  Unlawful Sentencing Under Section 2255

28 U.S.C § 2255 authorizes a prisoner sentenced by a federal court to move to vacate, set aside, or correct his sentence on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255(a).  The Court may grant relief under Section 2255 if it determines that the challenged sentence "was tainted by 'a fundamental defect which inherently results in a complete miscarriage of justice' or 'an omission inconsistent with the rudimentary demands of fair procedure.'"  United States v. Weaver, 265 F.3d 1074, 1077 (D.C. Cir. 2001) (quoting United States v. Farley, 72 F.3d 158, 162 (D.C. Cir. 1995)).  The Court must hold a hearing under Section 2255 to determine the issues and make findings of fact and conclusions of law unless "the motion and the files and records of the case conclusively show that the [defendant] is entitled to no relief."  28 U.S.C. § 2255(b).  It must also hold a hearing when the motion "raises 'detailed and specific' factual allegations whose resolution requires consideration of information outside of the record or the judge's 'personal knowledge or recollection.'"  United States v. Agramonte, 366 F. Supp. 2d 83, 85 (D.D.C. 2005) (quoting United States v. Pollard, 959 F.2d 1011, 1030-31 (D.C. Cir. 1992).

Despite the Court's explicit statements to the contrary, defendant Gross argues that "the [C]ourt non[e]theless sentenced [him] to the 120 month minimum statutory sentence," and he thus is entitled to a sentence reduction to 60 months under the FSA, applied retroactively.

6

First Mot. at 4-5.  The Court disagrees.  The record is clear that Gross was not sentenced

pursuant to a statutory mandatory minimum of 120 months.  See supra at 3-5.  Rather, Gross

negotiated and entered a binding Rule 11(c)(1)(C) plea agreement with the government with the

explicit understanding that the agreed-upon sentence was a comprehensive resolution of the

two-count indictment in this Court as well as the six-count indictment pending in the Superior

Court; it was not a reflection of the ten year mandatory minimum that existed prior to the

enactment of the FSA.  See Plea Transcript at 11-12.

### B.  Sentence Modification Under Section 3582(c)(2)

Federal law permits a defendant to receive a sentence modification when he "has

been sentenced to a term of imprisonment that has subsequently been lowered by the Sentencing

Commission."  18 U.S.C. § 3582(c)(2); see United States v. Goode, 953 F. Supp. 2d 74, 76-77

(D.D.C. 2013).  To be eligible for a sentence modification under Section 3582(c)(2), Gross must

show that: (1) he was sentenced "based on a sentencing range that has subsequently been

lowered," and (2) that a reduction in his sentence "would be consistent with applicable policy

statements issued by the Sentencing Commission."  United States v. Berry, 618 F.3d 13, 16

(D.C. Cir. 2010) (quoting 18 U.S.C. § 3582(c)(2)).  Gross claims that Amendments 782 and 788

to the Federal Sentencing Guidelines reduced his applicable sentencing guideline range and that

his sentence therefore must be reduced.[2]

In Freeman v. United States, 131 S. Ct. 2685, 2691 (2011), the Supreme Court

considered "whether defendants [like Gross] who enter into 11(c)(1)(C) agreements that specify

---

[2]     The Commission voted to give Amendment 782 retroactive effect under
Amendment 788.  U.S.S.G. § 2D1.1 Frequently Asked Questions: Retroactive Application of the
2014 Drug Guidelines Amendment (2014).

a particular sentence may be said to have been sentenced 'based on' a Guidelines sentencing range, making them eligible for relief under [Section] 3582(c)(2)."  A four-Justice plurality adopted the broad view that a sentence is "based on" a guideline range "to whatever extent" that range "was a relevant part of the analytic framework the judge used to determine the sentence or to approve the agreement."  Id. at 2692-93.  Justice Sotomayor concurred separately and would have held that a Rule 11(c)(1)(C) agreement is "based on" the Guidelines only if the agreement either (1) explicitly "call[s] for the defendant to be sentenced within a particular Guidelines range" or (2) "make[s] clear that the basis for the specified term is a Guidelines sentencing range applicable to the offense to which the defendant pleaded guilty" and "that sentencing range is evident from the agreement itself."  Freeman v. United States, 131 S. Ct. at 2697 (Sotomayor, J., concurring).

The D.C. Circuit has adopted the plurality opinion in Freeman, after concluding that neither the plurality opinion nor Justice Sotomayor's concurring opinion are controlling. See United States v. Epps, 707 F.3d 337, 351-52 (D.C. Cir. 2013) (holding that the plurality's approach "is more persuasive that that of the concurring opinion" and that a defendant's Rule 11(c)(1)(C) plea agreement is "based on" the Guidelines to the extent that the district court expressly "considered" the guidelines range in evaluating the sufficiency of the plea agreement).[3] "[W]hether a defendant who enters a Rule 11(c)(1)(C) plea can be said to have been sentenced

---

[3]     Justice Sotomayor's concurrence, however, has been considered controlling by every other circuit to have considered the question.  See United States v. Rivera-Martinez, 665 F.3d 344, 348 (1st Cir. 2011); United States v. White, 429 Fed. App'x 43, 47 (2d Cir. 2011) (unpublished); United States v. Thompson, 682 F.3d 285, 289 (3d Cir. 2010); United States v. Brown, 653 F.3d 337, 338 (4th Cir. 2011); United States v. Smith, 658 F.3d 608, 611 (6th Cir. 2011); United States v. Dixon, 387 F.3d 356, 359 (7th Cir. 2012); United States v. Browne, 698 F.3d 1042, 1045 (8th Cir. 2012); United States v. Austin, 676 F.3d 924, 927 (9th Cir. 2012); United States v. Graham, 704 F.3d 1275, 1278 (10th Cir. 2013); United States v. Lawson, 686 F.3d 1317, 1321 n.2 (11th Cir. 2012).

'based on' the guidelines . . . depends on the district court's reasons for accepting the sentence that it ultimately imposed." United States v. Moore, 930 F. Supp. 2d 141, 143 (D.D.C. 2013). Under these precedents, defendant Gross would be entitled to a sentence modification under Section 3582 only if the Court considered the Guidelines in making its decision to accept his Rule 11(c)(1)(C) plea.

There are two independent reasons why Gross is not eligible for a sentence modification under 18 U.S.C. § 3582. First, Gross has failed to establish that his sentence was "based on" the Sentencing Guidelines. Second, even if Gross could establish that his sentence was "based on" the Guidelines, the subsequent amendments to the Guidelines did not have the effect of lowering the applicable Guidelines sentencing range because Gross would still face a mandatory minimum sentence of 60 months.

Although the Court calculated the relevant Guidelines sentencing range, as required by the case law, the Court's decision to accept the plea agreement was not based on the Sentencing Guidelines. To the contrary, the Court clearly articulated throughout the proceedings its belief that the Guidelines were irrelevant to Gross' sentence because the plea agreement was a global resolution of *all* the pending charges against Gross in both the federal and local courts. For example, during the plea colloquy, the Court explained that, "with respect to the sentencing guidelines, I guess we really don't have to discuss the guidelines in any detail, do we, because of your 11(c)(1)(C) agreement," Plea Transcript at 13, and stated its understanding that the 120-month sentence represented a global resolution of Gross' charges. Id. at 5 ("And the agreement is a sentence of 120 months, not because Mr. Gross believes it's the mandatory minimum, but because that's an agreement you all have reached to try to wrap up both this case and the Superior Court case."). Defendant Gross concurred. See id. at 13 (Court asked

defendant whether he understood "that you and the government have agreed that the appropriate sentence is ten years for all of these three offenses combined.  And by accepting this plea, I am agreeing that that's the sentence that I will impose."  Defendant Gross responded:  "Yes.").

And at the sentencing hearing, the Court performed its required Guidelines calculation but noted that the Guidelines were "irrelevant" in this case because Gross and the government had agreed to a particular sentence as part of a Rule 11(c)(1)(C) plea agreement. Sentencing Transcript at 5-6.  As the D.C. Circuit has said:  "Although the Guidelines require a sentencing court to calculate, as a matter of course, a guideline range before determining whether a mandatory minimum applies . . . this routine and required calculation [does] not mean that the defendant was sentenced 'based on' [] his guideline range."  In re Sealed Case, 722 F.3d 361, 366 (D.C. Cir. 2013) (citing United States v. Cook, 594 F.3d 883, 887 (D.C. Cir. 2010)).

Gross also is not eligible for relief under Section 3582(c) because the Guidelines sentencing range applicable to this case has not changed.  See United States v. Wooden, 953 F. Supp. 2d 64, 68 (D.D.C. 2013) (noting that "the [Sentencing] Commission has explained that a 'reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2)' if an amendment to the Guidelines 'does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a *statutory mandatory minimum term of imprisonment*)'") (quoting U.S.S.G. § 1B1.10 cmt. n. 1(A)(ii) (2012)) (emphasis in original).  At the time of his sentencing, Gross faced a base offense level of 26 with a reduction of three points for acceptance of responsibility resulting in an applicable Guidelines sentencing range of 46 to 57 months.  Gross, however, was subject to a mandatory minimum sentence of 60 months under a retroactive application of the then newly-enacted FSA.  Thus, as the Court reminded Gross at the sentencing hearing, "the

range would be 60 months to 60 months or to put it another way, the mandatory minimum would

trump the guidelines and we'd be talking about 60 months."  Sentencing Transcript at 4; <u>see</u>

U.S.S.G. § 5G1.1(b) (2015) ("Where a statutorily required minimum sentence is greater than the

maximum of the applicable guideline range, the statutorily required minimum sentence shall be

the guideline sentence.").

      If the Guidelines sentencing range were recalculated under the amended

Guidelines, Gross would begin at a base offense level of 24, instead of an offense level 26.  <u>See</u>

U.S.S.G. § 2D1.1(c) (2014).  Under Criminal History Category I and assuming that he is still

eligible for a three-level downward adjustment for acceptance of responsibility, Gross would

now face a Guidelines sentencing range of 37 to 46 months (instead of 46 to 57 months).  <u>See</u>

U.S.S.G. ch. 5, pt. A (Sentencing Table).  But the statutory mandatory minimum would still

trump the Guidelines sentencing range.  Gross therefore would face today — as he did when he

was sentenced — a Guidelines sentencing range of 60 months to 60 months.  <u>See</u> <u>United States</u>

<u>v. Wooden</u>, 953 F. Supp. 2d at 68 ("When the guideline range for an offense is lower than the

statutory mandatory minimum, the mandatory minimum statute 'replaces the guideline range and

becomes the sentence.'") (quoting <u>In re Sealed Case</u>, 722 F.3d at 369).  Gross' Guidelines

sentencing range therefore is unchanged, and he is entitled to no relief under Section 3582.

### C.  Ineffective Assistance of Counsel

      Gross claims that his attorney failed to file a notice of appeal, despite being

instructed to do so.  First Mot. at 7; Reply at 10.  In the context of an appeal, the Supreme Court

long has held that it is "professionally unreasonable" for a lawyer to disregard "specific

instructions from the defendant to file a notice of appeal."  <u>See</u> <u>United States v. Eli</u>, 227 F. Supp.

2d 90, 99 (D.D.C. 2002) (quoting <u>Roe v. Flores-Ortega</u>, 528 U.S. 470, 477-78 (2000) (holding

that failure to file a notice of appeal after a defendant's request constituted ineffective assistance of counsel)).   The only way to determine whether defendant's claim has any merit is to hear evidence on the matter.  The Government concedes that an evidentiary hearing is appropriate because Gross' claim involves matters outside the record.  Opp. at 37.  The Court therefore will schedule an evidentiary hearing.

## III.  CONCLUSION

For the foregoing reasons, it is hereby

ORDERED that defendant's motion to vacate, set aside, or correct his sentence [Dkt. No. 32] is DENIED in part; it is

FURTHER ORDERED that defendant's motion to modify his sentence under 18 U.S.C. § 3582(c) pursuant to the recent Sentencing Guidelines Amendments [Dkt. No. 45] is DENIED; and it is

FURTHER ORDERED that the Court will hold an evidentiary hearing to address defendant's ineffective assistance of counsel claim.  Counsel are directed to meet and confer and file a joint status report on or before February 22, 2016 proposing several dates on which they and their witnesses are available.

SO ORDERED.


/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE:  February 2, 2016