UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES | ) | |
| | ) | |
| v. | ) | Criminal No. 10-0036 (PLF) |
| | ) | Civil Action No. 12-0590 |
| KEVIN KINNARD GROSS, | ) | |
| | ) | |
| Defendant/Petitioner. | ) | |

MEMORANDUM OPINION AND ORDER

On April 8, 2016, this Court vacated and re-entered its Judgment of April 20, 2011 and its Opinion and Order of February 2, 2016, as part of an agreement between defendant and the government to permit defendant to note a timely appeal.  On April 12, 2016, defendant filed two appeals — one from this Court's Judgment and one from this Court's Opinion and Order, originally entered on February 2, 2016 and re-entered on April 8, 2016, which denied in part defendant's motions to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 and to modify his sentence under 18 U.S.C. § 3582(c)(2).[1]  On April 27, 2016, the court of appeals remanded defendant's appeal from this Court's Opinion and Order for a determination of whether a certificate of appealability is warranted in this case.

On May 9, 2016, this Court ordered defendant to address: (1) whether, in light of defendant's pending direct appeal from the Court's original judgment in this case, the appeal

---

[1] The Court granted defendant's request for an evidentiary hearing on his remaining ineffective assistance of counsel claim.  Defendant alleged that counsel failed to file an appeal despite his request to do so.  But that remaining claim became moot when the Court vacated and re-entered defendant's judgment.

from the Court's decision denying in part defendant's motion to vacate, set aside, or correct his sentence is moot and it is unnecessary for the Court to address the certificate of appealability issue; and (2) if defendant does wish to proceed, his arguments as to what specific issues meet the standard for a certificate of appealability pursuant to 28 U.S.C. § 2253.  Court's Minute Order of May 9, 2016.

Defendant claims that an appeal from this Court's Opinion and Order as to the Section 2255 claim is not moot because "nothing in the law precludes the Court from considering [a] claim while a direct appeal is pending."  Defendant's Response to Remand and Motion for Certificate of Appealability at 3 [Dkt. No. 72].  That, however, was not the question asked by the Court.  As the government noted in its response, "defendant now has the unencumbered ability to raise on direct appeal his core contention, which is that his 120-month sentence is unlawful under the [Fair Sentencing Act].  Effectually, this is the relief he claimed in his original [Section] 2255 motion in April 2012."  Government's Response Concerning Certificate of Appealability at 5-6 [Dkt. No. 75].  The Court agrees — defendant will be able to present all of the same arguments in his currently-pending direct appeal from this Court's judgment that he could in an appeal from his Section 2255 motion.  A second appeal regarding this same claim therefore would be duplicative and unnecessary.  Moreover, defendant's claim that his 120-month sentence was illegal under the Fair Sentencing Act does not appear to implicate any constitutional rights.[2]  Thus, even if the appeal were not duplicative, defendant has failed to satisfy the standard for a certificate of appealability.  See 28 U.S.C. § 2253(c)(2) ("A certificate of appealability may issue under paragraph (1) only if the applicant has made a

---

[2] Defendant's separate constitutional claim for ineffective assistance of counsel, specifically that his counsel failed to file an appeal despite his request, now is moot following the Court's April 8, 2016 Order permitting defendant to note an appeal.

substantial showing of the denial of a constitutional right."). The Court therefore will deny defendant's motion for a certificate of appealability as to defendant's Section 2255 claim. The Court notes, however, that no certificate of appealability is needed for defendant's separate claim to modify his sentence pursuant to 18 U.S.C. § 3582(c)(2).

For the foregoing reasons, it is hereby

ORDERED that defendant's motion for a certificate of appealability [Dkt. No. 73] is DENIED; and it is

FURTHER ORDERED that the Clerk of this Court is directed promptly to notify the Clerk of the court of appeals of this Memorandum Opinion and Order and provide a copy to her.

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE:  August 1, 2016